IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEROME CLARKE,<br><br>      **Plaintiff,**<br><br>v.<br><br>CATHELENE TINA ROBINSON,<br>in her individual, official capacities,<br><br>      **Defendant.** | 1:16-cv-968-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] ("R&R"). The R&R recommends the Court dismiss this action without prejudice.

**I.    BACKGROUND**

On March 24, 2016, Plaintiff Jerome Clarke ("Plaintiff"), a state inmate, filed his "Complaint/Writ of Quo Warranto or, in the Alternative, Writ of Mandamus" [1]. Plaintiff did not pay the $400 case initiation fees or request permission to proceed *in forma pauperis* ("IFP").

On March 29, 2016, the Magistrate Judge issued his R&R. The Magistrate Judge noted Plaintiff has been, since at least 1991, a prolific filer of frivolous lawsuits. He noted that 28 U.S.C. § 1915(g) does not allow a prisoner to bring an

IFP civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Accordingly, the Magistrate Judge recommends this action be dismissed without prejudice.  Plaintiff did not file any objections to the R&R, and has not otherwise taken any action in this case.

## II.     ANALYSIS

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  No party objects to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.     Discussion

A prisoner may not file an IFP civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  When Section 1915(g) does not allow a prisoner to proceed IFP, the complaint should be dismissed without prejudice, and a prisoner wishing to pursue his or her claims must refile the action with full payment of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

The Magistrate Judge determined that Plaintiff, while incarcerated, filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  He determined Plaintiff does not show he is under imminent threat of serious injury, and recommends the Court deny Plaintiff IFP status and dismiss this action.  The Court finds no plain error in these findings and recommendation, and this action is dismissed without prejudice.  See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** *in forma pauperis* status.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 23rd day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE